# IN THE COURT OF APPEALS OF IOWA

No. 21-0129
Filed March 30, 2022

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**CHRISTOPHER BUCK,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Grundy County, Linda M. Fangman, Judge.

　　　Christopher Buck appeals the denial of his application to modify sexual offender registration requirements. **WRIT SUSTAINED AND REMANDED.**

　　　Philip B. Mears of Mears Law Office, Iowa City, for appellant.

　　　Thomas J. Miller, Attorney General, and Bridget Chambers, Assistant Attorney General, for appellee.

　　　Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Christopher Buck pled guilty to five crimes in two separate cases: three counts of assault with intent to commit sexual abuse, one count of lascivious acts with a child, and one count of indecent contact with a child. The district court ordered him to register as a sex offender. *See* Iowa Code § 692A.103 (2018). Buck discharged his sentences but remained on the sex offender registry.

In time, Buck applied to modify the registration requirement under section 692A.128 to "no longer" require him "to register at all."[1] The district court denied the application following a hearing.

On appeal, Buck contends: (1) "the district court's conclusion that [he] did not meet the threshold requirement of being low risk should be reversed as that conclusion was not supported by substantial evidence" and (2) "the district court abused its discretion in denying [his] application for modification." The State preliminarily responds that "[t]here is no right to direct appeal from" the denial of a modification application and, accordingly, we should dismiss the appeal. At the same time, the State acknowledges this court may "choose[] to treat [Buck's] notice of appeal as an application for writ of certiorari." We recently did just that. *See State v. Todd*, No. 19-2001, 2021 WL 3075756 at *3 (Iowa Ct. App. July 21, 2021).

---

[1] A modification application may be filed after a defendant has discharged the sentences precipitating placement on the registry. *Fortune v. State*, 957 N.W.2d 696, 700 (Iowa 2021) (noting the defendant discharged his sentence before the modification application was filed); *Becher v. State*, 957 N.W.2d 710, 716–17 (Iowa 2021) (noting the applicant was "off paper," obviating the need for a stipulation from the department of correctional services approving of a modification); *see* Iowa Code § 692A.128(2)(d) (stating the applicant must not be incarcerated when the application is filed).

As in *Todd*, we will "treat [Buck]'s notice of appeal and brief as a petition for writ of certiorari, . . . grant the writ, and . . . proceed to the merits." *Id.*

Iowa Code section 692A.128 sets forth "threshold criteria" for modification of sex offender registry requirements. *Fortune*, 957 N.W.2d at 703. One of the statutory criteria is that "[a] risk assessment has been completed and the sex offender was classified as a low risk to reoffend." Iowa Code § 692A.128(2)(c). We review the district court's threshold determination for errors of law. *Fortune*, 957 N.W.2d at 702–03, 705. The court's findings are reviewed for substantial evidence. *See Todd*, 2021 WL 3075756, at *5.

The district court determined "[n]one of th[e] three scores" on the risk assessments prepared by the department of correctional services "place[d] [Buck] at a low risk to reoffend." Buck argues the court's determination lacked substantial evidentiary support and amounted to error. We agree.

The department of correctional services prepared a risk assessment in response to Buck's modification request. The assessment checklist contained the following language:

> ☐ ☐ 692A.128(2)(c). A risk assessment has been completed and the sex offender was classified as a low risk to reoffend.

Neither box was checked. The report's preparer later emailed Buck's attorney and clarified that he "had neglected to note that Mr. Buck does appear to meet the requirements (by checking the box) of having completed the required risk assessments and is classified as low when considering the risk assessment information (692A.128(2)(c))." He apologized "for the oversight." Because the assessment placed Buck at a low risk to reoffend, section 692A.128(2)(c) and the

remaining undisputed statutory criteria, were satisfied. *See Fortune*, 957 N.W.2d at 707 ("The district court cannot disqualify [the applicant] from eligibility for modification for his assessment that meets the statutory requirement for consideration as a low-risk offender. To the extent the district court reached a contrary conclusion, it committed legal error."); *Todd*, 2021 WL 3075756, at *5 ("[T]he district court erred in denying Todd's application for modification for want of satisfaction of that criteria based on a mere recommendation he complete a [sexual offender treatment program].").

That does not end our analysis. "If the applicant meets the threshold statutory requirements, the district court proceeds to the second step, namely, determining, in its discretion, whether the registration requirements should be modified." *Fortune*, 957 N.W.2d at 705. "In this second step, the district court should consider the statutory factors and any other factors that the district court finds relevant to the modification issue." *Id.* The court "should consider only those factors that bear on whether the applicant is at low risk to reoffend and there is no substantial benefit to public safety in extending the registration requirements." *Id.* at 706 (gleaning statutory purpose behind Iowa's provision from states with similar provisions). And "[t]he threat to public safety must be tied to the individual applicant and the record established in each case." *Id.* The district court's "second-step determination is reviewable on appeal for abuse of discretion." *Id.* at 705.

As noted, the district court held a hearing. Family members of the children who were abused testified against modification of the sex offender registry requirement. Some of the testimony focused on the nature of Buck's crimes. The

district court relied on this testimony, citing the particulars of Buck's crimes and his "cavalier attitude" concerning them. The district court did not have the benefit of *Fortune*, which stated reliance on the nature of the crimes came "perilously close to" advocating for "punishment, an impermissible goal of the sex offender registration." *See id.* at 708. While *Fortune* permitted consideration of "increased risk based upon . . . repeated patterns of behavior," the comparison was between patterns in "past offenses and present behavior." *Id.* at 709. The supreme court explained, "The provisions of sex offender registration are onerous. The direct and collateral consequences of sex offender registration include stigmatization, challenges in finding employment, restrictions on residency and movement, and difficulty in finding housing." *Id.* A companion opinion indicated a period of time in the community without re-offense was a positive factor. *See Becher*, 957 N.W.2d at 717.

Because the focus here was on past crimes and past patterns of behavior, we sustain the writ and remand for consideration of the modification application in light of *Fortune*.[2]

**WRIT SUSTAINED AND REMANDED.**

---

[2] We reached a different conclusion in *State v. Larvick*, No. 20-1273, 2022 WL 610361, at *4 (Iowa Ct. App. Mar. 2, 2022). We found no abuse of discretion in the district court's denial of the modification application, reasoning that the court "focused the decision on concerns for public safety, . . . not on punishment for past occurrences." *Larvick*, 2022 WL 610361, at *4. We also reached a different conclusion in *State v. Seidell*, No. 21-0493 (Iowa Ct. App. Mar. 30, 2022). There, we noted that the district court's fact-finding concerning Seidell's lack of remorse was supported by the record.